89 F.3d 832
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel Edwin CARLSON, Lori Carlson, and Garfield Geyer, as
Personal Representative of the Estates of Daniel Thomas
Carlson, deceased, Alan Robert Carlson, deceased, and Adam
John Carlson, deceased, Plaintiffs/Appellants,
v.
BIC CORPORATION, Defendant/Appellee.
 No. 94-1772.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1996.
 
 Before: BOGGS and DAUGHTREY, Circuit Judges, and McKEAGUE, District Judge.*
 PER CURIAM.
 
 
 1
 Daniel and Lori Carlson appeal from the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of their claim against the Bic Corporation, the manufacturer of the cigarette lighter that ignited the house fire that resulted in the death of the Carlsons' three children. Before this court, the plaintiffs argue that they have properly stated a private cause of action against Bic under the Consumer Product Safety Act, 15 U.S.C. § 2072(a), for selling a disposable lighter without child-resistant packaging. We hold, however, that Bic owed no duty under the statute to the plaintiffs to provide such protective features on the date of the tragedy in this case. We thus affirm the district court's judgment in this matter.
 
 
 2
 The facts surrounding this incident are not in dispute. During the early morning hours of January 16, 1987, fire consumed the mobile home that the Carlsons shared with their three young sons, ages three through six. Although the parents managed to escape the blaze, they were unable to save their children. A Bic lighter was found under the body of one of the children, leading the fire marshal who investigated the incident to determine that the child had started the fire with the lighter.
 
 
 3
 The Carlsons filed suit against Bic, raising claims of negligence, product liability, and breach of warranty under Michigan law, as well as a claimed violation of the Consumer Product Safety Act. They now acknowledge, however, that the state law claims are no longer viable and that the success of their appeal depends upon their ability to establish a Consumer Product Safety Act violation.
 
 
 4
 In support of their federal law claim, the plaintiffs argue that the Consumer Product Safety Commission evidenced an intent and a need to regulate disposable lighters as early as 1985. Not until 1988, however, more than one year after the fatal fire involving the Carlson children, did the Commission state:
 
 
 5
 Cigarette lighters are "consumer products" as that term is defined by section 3(a)(1) of the CSPA [sic] (15 U.S.C. 2052(a)(3)) because they are articles which are produced or distributed for sale to or for personal use by consumers in or around a household or residences in recreation, or in other similar places and activities.
 
 
 6
 53 Fed.Reg. 6833, 6834-35 (1988) (codified at 16 C.F.R., Ch. II) (proposed Mar. 3, 1988). Moreover, even then, the statement was issued merely as an advanced notice of a proposed rulemaking.[1]
 
 
 7
 More than simple designation of an item as a "consumer product" is required before the Consumer Product Safety Act imposes a duty upon manufacturers to comply with certain specified safety regulations. The Act mandates adherence to an involved process that includes publishing a prescribed notice of proposed rulemaking, publishing a proposed rule, conducting preliminary regulatory analysis, expressing the risk of injury to be reduced, and promulgating the actual rule before obligations may be imposed upon affected entities. 15 U.S.C. § 2058. Although the Carlsons attempt in this case to impose child-resistant lighter requirements on Bic at the time of the 1987 fire, it was not until July 12, 1994, one year after the required rulemaking process was completed, that Bic had a duty to implement such safety devices. 16 C.F.R. §§ 1210.1-1210.5 (1993).
 
 
 8
 Recognizing that disposable lighters themselves may not have been subject to the child-resistant device mandates until years after the fire that took the lives of their children, the Carlsons also argue that the lighters could have been regulated and governed earlier by the Consumer Product Safety Commission under the Federal Hazardous Substances Act, 15 U.S.C. §§ 1261-77, or the Poison Prevention Packaging Act, 15 U.S.C. §§ 1471-76. These arguments are also without merit, however. Although lighters do contain butane, which has been classified as a "hazardous substance" under the Federal Hazardous Substances Act, 15 U.S.C. § 1261(f), the district court correctly noted that "there is no provision of the FHSA which authorizes the Commission to address any hazard which is associated with the mechanical operation of a lighter as a flame-producing device." Similarly, although a lighter constitutes a "package" for purposes of the Poison Prevention Packaging Act, the Commission does not regulate such devices under that statutory framework because "a lighter is more than a container or a package of hazardous substance. It is a device that incorporates a mechanism for igniting the fuel and is intended to be operated to produce a flame." 58 Fed.Reg. at 37556. As stated by the Commission in 1993:
 
 
 9
 [A] lighter can be viewed as a mechanical device intended to produce a flame. That is largely the reason the Commission decided to regulate lighters under the CPSA, rather than under the PPPA or FHSA, as to the risk of children starting fires by operating lighters during child-play. However, this does not detract from the fact that the lighter meets the definition in the PPPA of a package for the butane fuel, which is a hazardous substance. The Commission points out, however, that there is no requirement issued under the PPPA that would apply to lighters.
 
 
 10
 58 Fed.Reg. 37557, 37582 (1993) (codified at 16 C.F.R. pt. 1210).
 
 
 11
 This specific administrative finding extinguishes the Carlsons' claims for relief based upon application of the Federal Hazardous Substances Act and the Poison Prevention Packaging Act. Because, under the Consumer Product Safety Act, the obligation of Bic and other manufacturers of disposable lighters to include child-resistant devices on their products did not become effective until July 12, 1994, more than six years after the fire that killed the Carlson children, we AFFIRM the district court's dismissal of the plaintiffs' federal claim against the defendant, Bic Corporation.
 
 
 
 *
 The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 The Consumer Product Safety Commission did not issue a final rule pursuant to this notice until July 12, 1993. 58 Fed.Reg. 37554 (1993) (codified at 16 C.F.R. § 1145.16)